1
2
3
4                                                          O
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   CENTRAL DISTRICT OF CALIFORNIA
10
11   ANTHONY SPOSATO,                    Case No. 5:20-cv-00835-SVW-KES
12        Plaintiff,
13        v.                             ORDER DISMISSING ACTION
                                         WITHOUT PREJUDICE FOR
14   MONA HOUSTON, Warden, et al.,       FAILURE TO PROSECUTE
15        Defendants.
16
17
18                                      **I.**
19                             **BACKGROUND**
20        In April 2020, Anthony Sposato ("Plaintiff"), an inmate in the custody of
21   California Department of Corrections and Rehabilitation ("CDCR"), filed a civil
22   rights complaint under 42 U.S.C. § 1983 against prison officials.  (Dkt. 1.)  Plaintiff
23   alleged that his constitutional rights were violated by CDCR medical professionals
24   who failed to diagnose him with cancer until it reached stage four.  (Id.)
25        The Court screened the complaint sua sponte in compliance with the Prison
26   Litigation Reform Act and, on April 23, 2020, dismissed it for failure to state a
27   claim.  (Dkt. 10.)  The Court gave Plaintiff until May 22, 2020 to file a First
28

1  Amended Complaint.  (Id. at 5.)  Plaintiff requested, and the Court granted, an

2  extension of this deadline to August 22, 2020.  (Dkt. 13.)

3        On September 9, 2020, having received no further filings from Plaintiff, the

4  Court issued an order to show cause ("OSC") why this action should not be

5  dismissed for lack of prosecution and/or failure to follow the Court's orders.  (Dkt.

6  14.)  The Court warned Plaintiff that a failure to respond to the OSC might result in

7  dismissal.  (Id. at 2.)  On October 9, 2020, the copy of the OSC sent to Plaintiff was

8  returned to the Court as undeliverable.  (Dkt. 15.)

9        As of the date of this order, Plaintiff has not responded to the OSC.  Based on

10  public records, it appears that he was granted parole and released from custody.

11  See CDCR Inmate Locator, https://inmatelocator.cdcr.ca.gov/ (showing no inmate

12  in custody with Plaintiff's name or identification number); CDCR Parole Suitability

13  Hearing Results, https://www.cdcr.ca.gov/bph/2020/05/20/hearing-results-april-

14  2020/ (showing Plaintiff was found suitable for parole in April 2020).

**II.**

**DISCUSSION**

17  **A.**   **Legal Standard**

18        It is well-established that a district court may dismiss an action for failure to

19  prosecute, failure to follow court orders, or failure to comply with the federal or

20  local rules.  See Fed. R. Civ. P. 41(b); Link v. Wabash R. Co., 370 U.S. 626, 629-

21  30 (1962); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).

22        In determining whether to dismiss a case for failure to prosecute or failure to

23  comply with court orders, the Ninth Circuit has instructed district courts to consider

24  the following five factors: (1) the public's interest in expeditious resolution of

25  litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

26  defendants; (4) the availability of less drastic sanctions; and (5) the public policy

27  favoring disposition of cases on their merits.  In re Phenylpropanolamine (PPA)

28  Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).  The test is not

1   "mechanical," but provides a "non-exhaustive list of things" to "think about."

2   Valley Eng'rs v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998).

3          Local Rule 41-1 provides, "Civil suits which have been pending for an

4   unreasonable period of time without any action having been taken therein may,

5   after notice, be dismissed for want of prosecution."[1]  Local Rule 41-6 provides:

6          A party proceeding pro se shall keep the Court and opposing parties

7          apprised of such party's current address and telephone number, if any,

8          and e-mail address, if any.  If mail directed by the Clerk to a pro se

9          plaintiff's address of record is returned undelivered by the Postal

10         Service, and if, within fifteen (15) days of the service date, such

11         plaintiff fails to notify, in writing, the Court and opposing parties of

12         said plaintiff's current address, the Court may dismiss the action with

13         or without prejudice for want of prosecution.

14  **B.    <u>Analysis</u>**

15         Here, the first two factors favor dismissal.  The first factor—the public's

16  interest in the expeditious resolution of litigation—"always favors dismissal."

17  Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).  The second factor—

18  the Court's need to manage its docket—favors dismissal here because Plaintiff's

19  "noncompliance has caused [this] action to come to a complete halt, thereby

20  allowing [him] to control the pace of the docket rather than the Court."  Id. (internal

21  quotations marks omitted).

22          The third factor—prejudice to Defendants—weighs in favor of dismissal,

23  although not as strongly as some of the other factors.  Because this Court dismissed

24  the complaint on screening, Defendants have not been served.  See Pagtalunan v.

25  Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("[T]he government has not been

26  _____

27  [1] The Local Rules of the U.S. District Court for the Central District of California
    are available online at: https://www.cacd.uscourts.gov/court-procedures/local-rules.

28

1    ordered to respond to Pagtalunan's habeas petition. We have previously recognized
2    that pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant
3    dismissal."); Hunter v. Sandoval, No. 17-cv-09257-CJC-SHK, 2018 U.S. Dist.
4    LEXIS 210543 at *5, 2018 WL 6570870 at *2 (C.D. Cal. Dec. 12, 2018) (finding
5    no prejudice to a defendant who had not yet been served).  On the other hand, a
6    rebuttable presumption of prejudice to defendants arises when a plaintiff
7    unreasonably delays prosecution of an action, In re Eisen, 31 F.3d 1447, 1452-53
8    (9th Cir. 1994), and unnecessary delay "inherently increases the risk that
9    witnesses' memories will fade and evidence will become stale." Pagtalunan, 291
10   F.3d at 643.

11        The fourth factor—availability of less drastic sanctions—favors dismissal.
12   The Court granted Plaintiff an extension of time to amend his complaint, gave him
13   an opportunity to respond to the OSC, and warned him that failing to respond to
14   the OSC might result in dismissal.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262
15   (9th Cir. 1992) ("a district court's warning to a party that his failure to obey the
16   court's order will result in dismissal can satisfy the 'consideration of alternatives'
17   requirement") (citation omitted).

18        The fifth factor—public policy favoring a disposition of an action on its
19   merits—is the main factor that arguably weighs against dismissal here.  Pagtalunan
20   v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002).  However, the effect of this factor is
21   somewhat mitigated because, as discussed in the order dismissing the complaint
22   with leave to amend, Plaintiff has currently failed to state a claim.  (See Dkt. 10
23   [finding that some of Plaintiff's claims violated Federal Rule of Civil Procedure 8
24   because Plaintiff did not explain when or how he interacted with each medical
25   professional; also finding that some claims were barred by Eleventh Amendment
26   immunity, failed to explain the involvement of defendants who were supervisors,
27   and appeared to be unexhausted].)
28        Given that the enumerated factors largely support dismissal, it is

4

recommended that this action be dismissed pursuant to Rule 41(b) and Local Rule 41-1.  The Court has discretion to dismiss an action under Rule 41(b) with or without prejudice.  See Fed. R. Civ. P. 41(b) ("[u]nless the dismissal order states otherwise," a dismissal pursuant to Federal Rule of Civil Procedure 41(b) operates as an adjudication on the merits absent exceptions that are not relevant here); Local Rule 41-2 ("[u]nless the Court provides otherwise, any dismissal pursuant to [Local Rule] 41-1 shall be without prejudice"); Al-Torki v. Kaempen, 78 F.3d 1381, 1385 (9th Cir. 1996).  Considering all of the circumstances, the action should be dismissed in its entirety without prejudice.

## III.

## CONCLUSION

IT IS THEREFORE ORDERED that Judgment will be entered dismissing this action without prejudice for failure to prosecute.

DATED:  October 21, 2020                    _____

STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

Presented by:

_____
KAREN E. SCOTT
United States Magistrate Judge

5